MICHAEL C. SAQUI, #147853
ANTHONY P. RAIMONDO, #200387
SAQUI & RAIMONDO
A Professional Corporation
1615 Bunker Hill Way, Suite 240
Salinas, California 93906
Telephone: (831) 443-7100
Facsimile: (831) 443-8585

Attorneys for Respondent ACS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS<br><br>Petitioner,<br><br>v.<br><br>ACS, LLC<br><br>Respondent. | Case No. 07-CV-03871-JF<br><br>**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE**<br><br>**(28 U.S.C. §1406(a); ; FRCP 12(b)(2); FRCP 12(b)(3)**<br><br>**Date: November 1, 2007**<br><br>**Time: 2:00 PM**<br><br>**Courtroom: 3** |

Respondent ACS, LLC ("Respondent")) submits the following Memorandum of Points and Authorities in support of its motion under FRCP 12(b)(2) and 12(b)(3) to dismiss the Petition for lack of personal jurisdiction and for improper venue because this court lacks personal jurisdiction over Respondent. The Petition was filed in this court solely for the convenience of Petitioner, and to vex and harass Respondent by forcing it to defend an action brought in a court that is geographically remote from its principal place of business and the events giving rise to this action.

No facts are pled in the Petition to support the exercise of personal jurisdiction over Respondent, and no summons has been served on Respondent. Regardless of a waiver of service, such a waiver does not waive any objection to jurisdiction and venue.(FRCP 4(d)(1)) Respondent received a copy of the Petition without a summons and agreed to respond on or before September 24, 2007 in order to avoid the potential application of harshly compressed timelines under 9 U.S.C. §4, and to bring the jurisdiction and venue issues before the court without the being forced to attack a default judgment. Pursuant to such agreement,

Respondent submits this response solely to challenge jurisdiction and venue in this court, and does not waive such objections by its filing or appearance at any hearing that may be ordered. (*Wright v. Yackley*, 459 F.2d 143, 148 (9th Cir. 1972) (No objection to jurisdiction is waived by presenting motion to dismiss).)

### I. STATEMENT OF FACTS

Petitioner brings this case before this court pursuant to 29 U.S.C. §185, 9. U.S.C. §4 and 28 U.S.C. §1337. (Petition, ¶1) Petitioner seeks to enforce an alleged arbitration agreement contained in a collective bargaining agreement between the parties. (Petition ¶4) Petitioner alleges that Respondent is an employer whose principal place of business is in Yuma, Arizona, and is engaged in a business affecting commerce. (Petition, ¶2) At least in part, the dispute concerns an arbitration matter heard in Yuma, Arizona. (Petition, Exhibit B) The decision entirely concerns events that occurred and disputes that arose with respect to Respondent's business in Yuma.

### II. THERE IS NO PERSONAL JURISDICTION OVER RESPONDENT IN THIS COURT

In the absence of a properly served summons, a court may not exercise jurisdiction over respondent, and no summons has been served in this matter. (*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999); *Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 444-445 (1946)) In fact, a review of the court's docket reveals that no summons has been issued, much less served on Respondent. Further, Petitioner has the burden to show jurisdiction, no facts are pled to show that Respondent has any contacts with the State of California sufficient to provide this court with jurisdiction. (FRCP 4(k)(1)(A); *International Shoe Co. v. Washington*, 326 U.S. 310 (1945); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir.2006)) Accordingly, there is no basis for this court to exercise personal jurisdiction over Respondent, and this matter must be dismissed.

### III. THE COURT MUST DISMISS AN ACTION BROUGHT IN AN IMPROPER VENUE

28 U.S.C. §1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

In the present case, Petitioner asserts that the matter is brought before this court under three federal statutes, two of which represent Congressional authorization for the court's jurisdiction over the subject matter alleged in the Petition and the other providing for venue as follows:

**28 U.S.C. §1337:**

The district courts shall have original jurisdiction of **any civil action or proceeding arising under any Act of Congress regulating commerce.** (Emphasis added)

28 U.S.C. §1337 provides subject matter jurisdiction under laws regulating commerce, and Petitioner has alleged that Respondent is engaged in a business affecting commerce.

**9 U.S.C. §4:**

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court **which, save for such agreement, would have jurisdiction under Title 28**, in a civil action . . . (Emphasis added)

The statute provides subject matter jurisdiction over actions to compel arbitration, again providing subject matter jurisdiction over an action such as this.

**29 U.S.C. §185(a):**

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States **having jurisdiction of the parties**, without respect to the amount in controversy or without regard to the citizenship of the parties. (Emphasis added)

The statute provides subject matter jurisdiction for suits to enforce collective bargaining agreements, and provides for venue in any district court that has personal jurisdiction over the parties.

In the present case, venue is improper because no facts have been alleged to show that this court has personal jurisdiction over Respondent, and no summons has been served in the state to provide personal jurisdiction. Accordingly, the court must dismiss this action for improper venue. (28 U.S.C. §1406(a)) Under 29 U.S.C. §185(a), an action to enforce a collective bargaining agreement must be brought in a venue that has jurisdiction over the parties, and the Petition fails to allege facts to show that this court has jurisdiction over Respondent, and has failed to serve Respondent with a summons.

Dated: September 24, 2007

                                                             /s/
                                                         Michael C. Saqui, Esq.
                                                        Attorney for Respondent ACS, LLC